WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Leroy Lewis,

        Plaintiff,

v.

Acting Commissioner of the Social Security Administration,

        Defendant.

No. CV-16-8197-PCT-ESW

**ORDER**

Pending before the Court is Leroy Lewis' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his applications for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 14).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 19, 22, 27), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II, the decision is

reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

---

[2] *Parra*, 481 F.3d at 746.

It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1967, has worked as a machine stone cutter. (A.R. 80, 95). In July 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income. (A.R. 268-84). Plaintiff's applications alleged that on August 15, 2010, he became unable to work due to seizures, sulfur poisoning, and "mental problems." (A.R. 95, 105). Social Security denied the application on February 6, 2014. (A.R. 198-206). In November 2014, upon Plaintiff's request for

reconsideration, Social Security affirmed the denial of benefits. (A.R. 209-10, 214-17). Plaintiff sought further review by an ALJ, who conducted a hearing in November 2015. (A.R. 54-92, 218).

In a March 2, 2016 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 19-46). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6, 14-15). On September 1, 2016, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 15, 2010, the alleged disability onset date. (A.R. 21). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: "absence seizures, cognitive disorder—not otherwise specified, and psychotic disorder—not otherwise specified." (A.R. 21). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 23-24). Neither party challenges the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following restrictions
> [Plaintiff] can never climb ropes, ladders or scaffolds; [is] limited to frequent bilateral reaching; must avoid concentrated exposure to pulmonary irritants and hazards, including unprotected heights and moving machinery; no

>           driving duty jobs; able to understand, remember and carry out
>           simple instructions and perform simple, routine, repetitive
>           tasks with occasional interaction with the public and
>           coworkers.

(A.R. 24-25). Plaintiff argues that the ALJ improperly weighed the evidence in assessing Plaintiff's RFC, but the parties do not dispute the ALJ's determination at Step Four that Plaintiff is unable to perform his past relevant work.

### 5. Step Five: Capacity to Perform Other Work

At the administrative hearing, a vocational expert ("VE") testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as housekeeper and laundry worker. (A.R. 81-83). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (A.R. 46). After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*). Plaintiff asserts that due to restrictions not accounted for in the ALJ's RFC assessment, he is unable to engage in any work.

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Examining Neurologist Ian Livingstone, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. §

404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

On September 3, 2015, neurologist Ian Livingstone, M.D. completed a report on Plaintiff's ability to perform work-related activities. (A.R. 724-27). Dr. Livingstone opined that Plaintiff has "marked"[3] limitations in a number of areas, such as the ability to perform and complete work tasks, cooperate with or in the proximity to others without being distracted by them, maintain attention and concentration for more than brief periods, and perform at production levels expected by most employers. (A.R. 725). Dr. Livingstone also opined that Plaintiff's impairments would likely cause Plaintiff to have three or more unscheduled absences from work each month. (A.R. 726). The parties agree that the ALJ's reasons for discounting Dr. Livingstone's opinions must be specific, legitimate, and supported by substantial evidence in the record. (Doc. 24 at 9; Doc. 19 at 12).

The ALJ gave Dr. Livingstone's opinions little weight. (A.R. 39). The ALJ first explained that Plaintiff's

> wife stated on a function report completed on July 21, 2014, that the claimant could dress and bathe himself and shave himself (Exh. 15E/3). It was also noted that he could perform household chores, such as, washing the dishes, doing the laundry, watering the plants, taking care of the dogs and the small garden (Exh. 15E/4). It was also noted that he played games on the computer, daily (Exh. 15E/5).

(A.R. 39). However, the function report states that Plaintiff is "unable to perform daily tasks w/o reminders." (A.R. 351, *see also* A.R. 352, 354). The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995,

---

[3] The form Dr. Livingstone completed defined "marked" as "[u]nable to function in this area from 33% to 50% of the work day or work week." (A.R. 724)

1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The Court does not find that the function report completed by Plaintiff's wife is materially inconsistent with Dr. Livingstone's opinions. Accordingly, the Court does not find that the ALJ's first reason for discounting Dr. Livingstone's opinions is supported by substantial evidence in the record.

Next, the ALJ stated "Dr. Livingstone also determined that the claimant was markedly limited in his ability to deal with any work stress (Exh. 31F/2). However, it was noted on his function report that he could handle stress okay (Exh. 15E/7)." (A.R. 39). Dr. Livingstone circled "yes" in response to the question "Is the person's condition likely to deteriorate if he or she is placed under *stress*, particularly the stress of an 8 hour per day, 5 day per week job?" (A.R. 725) (emphasis in original). On Plaintiff's function report, "OK" is written in response to the question "How well do you handle stress?" (A.R. 357). The Court does not find that this answer constitutes a sufficient reason for discounting all of Dr. Livingstone's opinions.

As an additional reason for giving Dr. Livingstone's opinions little weight, the ALJ observed that Dr. Livingstone "noted that the claimant was compliant with treatment, yet, the medical evidence of record, shows that the claimant is not taking any medications for any impairment." (A.R. 39-40). In his report Dr. Livingstone, wrote "none at present" in response to the section regarding whether Plaintiff has been prescribed medications. (A.R. 726). Dr. Livingstone answered affirmatively in response to the question "Is this person reasonably compliant with treatment?" (*Id.*). As Plaintiff notes in his Opening Brief (Doc. 19 at 14), treatment does not necessarily entail taking medication. The Court does not find that Dr. Livingstone's notation that Plaintiff

is "compliant with treatment" constitutes a sufficient reason for discounting all of Dr. Livingstone's opinions.

The ALJ observed that Dr. Livingstone "only saw the claimant once, for a follow up appointment (Exh. 32F/9)." (A.R. 40). Yet Dr. Livingstone indicated in his examination notes that he reviewed Plaintiff's medical records, albeit "briefly." (A.R. 737). The Court does not find that the mere fact that Dr. Livingstone only examined Plaintiff one time is a sufficient reason for giving his opinions little weight. An ALJ must consider the opinions of examining physicians and psychologists. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *Lester*, 81 F.3d at 832 (finding that an ALJ erred in discounting examining physician's opinions in favor of non-examining physician's opinions for the reason that the examining physician's opinions were based on a "limited observation" of the claimant).

The ALJ also stated that Dr. Livingstone "determined that the claimant could never climb, balance, stoop, kneel, crouch and crawl, which is inconsistent with the statements on the claimant's function report (Exh. 31F/4, Exh. 15E/4)." (A.R. 40). The page of Plaintiff's function report cited by the ALJ states that Plaintiff is able to do the "dishes, laundry, water plants take care of Dogs + small garden." (A.R. 354). The function report does not state that Plaintiff climbs, balances, stoops, kneels, crouches or crawls. To the extent the ALJ was speculating that Plaintiff's reported daily activities involve these movements, an ALJ's speculation does not constitute substantial evidence. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (explains that an ALJ's "concerns and speculation" that a claimant's mental impairments were caused by drug or alcohol abuse "do not amount to substantial evidence"). Moreover, the function report indicates that it takes Plaintiff "a few hours" to do the specified household chores and Plaintiff needs reminders to complete them. (A.R. 354). To reiterate, the Court does not find that Plaintiff's function report is materially inconsistent with Dr. Livingstone's opinions.

Finally, the ALJ found that Dr. Livingstone's opinion that Plaintiff "probably had a psychotic disorder" "contrasts sharply with the other evidence of record, which renders it less persuasive." (A.R. 40). The ALJ does not explain the reasons for reaching this conclusion. The Court cannot "speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal quotations marks and citation omitted). The Court does not find that the ALJ's final reason for discounting Dr. Livingstone's opinions is specific and legitimate and supported by substantial evidence.

Based on the foregoing, the Court finds that the ALJ failed to provide valid reasons for giving little weight to Dr. Livingstone's opinions. This error is harmful and alone requires remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

**D. The Case Will Be Remanded for an Award of Benefits**

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is

conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Dr. Livingstone opined that Plaintiff has "marked" limitations in a number of work-related areas. (A.R. 725). At the administrative hearing, the VE testified that those limitations would preclude employment. (A.R. 85-89). The Court finds that if Dr. Livingstone's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have

another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective August 15, 2010 (the disability onset date).

### **III. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective August 15, 2010.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 6th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge